May it please the court, Jack Perry from the Taft Law Firm here on behalf of the appellants, six Minnesota chicken growers. I guess I begin by thanking you. I know that oral argument is not granted in every case and I appreciate the opportunity to orally argue our case. Before you are two issues of first impression on what we've referred to as the Minnesota parent liability laws protecting farmers and producers and sellers. The first issue is under section 17.93 subdivision 2 and Minnesota rule 1572-0040, does seller include producer? District court judge said no, we say yes. And in fact, I submit to you that the only way to reconcile the statutory language, the rule language, the legislative purpose and the administrative rule purpose is to say yes. And rather than going through all the myriad of arguments, I think there are three plain language arguments that compel yes. The first one is the most compelling. In the statutory language 1793 subdivision 2, there are first and foremost three references to the word contract, both in the heading and then twice in the text. And there are two references in that statute to agricultural contractor and contractor. Fortunately for this court, both of those terms are defined in the statute. First contract is defined in 17.90 subdivision 1A and it is a contract, quote, a contract between a contractor and a producer, end of quote. And fortunately for you, contractor is also defined under 17.90 subdivision 3 as one who, quote, or quote who contracts with a producer. Why is that relevant? Is that 1793 subdivision 2 and the rule is irrelevant and meaningless if you agree with Judge Tostrud's interpretation of seller as different from producer. And the reason is that if seller does in fact mean something different than producer under that provision, then there is no contract at issue because the contract by definition has to be between a contractor and producer. Likewise, there is no contractor under that provision because a contractor is required to be one who contracts with a producer. So a producer is critical to five words and terms in that statute. But there's clear, even clear, Judge Tostrud helped you out is if you look at the definitions, the second reason is if you look at the definitions in the two companion statutes, 27.01 subdivision 10, which is the definition for seller, and you look at the definition for producer under 1790 subdivision 4, you will find an amazing symmetry. And it is contrary to all of our notions and clearly Judge Tostrud's notion of what these terms mean. But he recognized under 2701 subdivision 10, the definition of seller includes both what we traditionally think of as seller, someone who sells something, and the definition of producer, all in one definition. And it does it by saying the person is, and this is subdivision 10, the owner of perishable farm products, seller, and one who produces it for another person, a producer. So Judge Tostrud recognized in 2701 subdivision 10, seller means both seller and producer. What he didn't do is to look at the definition of producer under 1790 subdivision 4. Same language there. In fact, it's made easier in subdivision 4 because he has parentheses that the statute has between 1, the seller, and 2, the producer. And the language is specifically, and again, this is subdivision 4, 1 is able to transfer title to another. That's a seller. You have it, you sell it. And it includes under 2, provides management, labor, etc., blah, blah, blah, which we all agree is the traditional definition of producer. Excuse me. Sorry. So my point is the definitions, contrary to our common sense of what Merriam-Webster's may say, these statutory definitions, both seller in 2701 and producer in 1790, both of them have both components, which is why in 1793 subdivision 2, the word seller is perfectly consistent with producer because they mean the same thing under both statutes that we're looking at. But there's better. There are three examples in the Minnesota Parent Liability Laws, the four that are issued. There are three really clear examples that what I'm telling you about these definitions is what both the legislature and the Department of Ag had in mind. The first example is if you look at Minnesota Rule 1572.0020 and you 6 through 8, they don't mean anything unless you recognize the definitions that sellers and producers mean the same thing. And, by the way, contractors also mean sellers or, excuse me, buyers. So it's contractors and buyers and producers and sellers. Those have simultaneous or contemporaneous synonymous terms. And how do we know that? Subpart 5 has three references to buyer and two references to seller. Well, that would have been meaningless under this statute because 17.90 to .98 doesn't refer to sellers except for in subdivision 2. So, counsel, how do these arguments help you if the district court's conclusion that an LLC is not comprehended by the statute, which is what the apologies are in this case? Well, if I could — if you wouldn't mind, Chief Judge, if I can finish the last two points and then jump to that, if that's okay. Sure. You're the master of your time. It's your courtroom, so it's — You're the master of your time. So the second reason is if you compare 27.001, which is the purpose for the second statute, it is about protecting producers. And yet the rest of Chapter 27, everyone agrees, talks about sellers. Why are those reconciled is because by definition, both 2701 and subdivision 10, seller means both producer and seller and under the last point, if you look at the purpose for Minnesota Rule 1500.0101, it is consistent with the definitions, consistent with my reading of 1793 subdivision 2. It is to protect who? Producers and sellers. Both of them. Not one or the other. Both of them. And where's your last citation from? Oh, I'm sorry. That's 1500? Minnesota Rule 1500.0101. Those are the rules, Your Honor, that correlate to Chapter 27. So, Chief Judge Smith, I'm sorry to put off your question, but the LLC question is far easier than the first question. And it's ironic, as Judge Tost would spend a bunch of time as to the first issue on the rules and talked about how important the rules are. But he did not talk at all about the rules with regard to the second issue. And if you look at both 1572.0040 and 1500.1001, those are the rules that the legislature directed the Department of Ag to adopt, and they adopted them. And those are the ones that correlate to 1793 subdivision 2 and 27.133. And in both cases, the rules clarify that you can have the parent liability company apply to a subsidiary corporation and to a subsidiary LLC or anything else. And the reason, here's the language, Your Honor, is, and this is identical in both rules. So, 1572.0040 and 1500.1001, so part one says that the parent company is liable, the parent company liability, if it owns more than 50 percent of the common or preferred stock to vote for a director of a subsidiary corporation. That's, that's what Tost's rule, Judge Tost's rule, that's consistent with his ruling. But there's the next, very next clause continues and says, or, and that's the statute or the rule where it's or, or provides more than 50 percent of the management or control of a subsidiary, end of quote. Not a subsidiary corporation. And that language, you find, again, exact same language, but, but in the 1500 rule, it's clear because it's subpart one is related to the subsidiary corporation. Subpart two relates to a subsidiary, no qualification. And then, in case you think that, boy, maybe there's a mistake, is you look at the sonars, and the sonars, it's a statement of need and reasonableness that has to be, by, by administrative rule, you, has to predate any rules. And both the sonar for 1572.0040 and 1500.1001, parts one and two, say the same thing what I'm saying. It says, under 0040, it says, quote, and this is Appendix 239, quote, it applies to parties owned or controlled by another company. Not another corporation, partnership or association, other, another company. Subpart two, 1500.1001, subpart two, again, the exact same, exact same content. It says, who deal with wholesale produce dealers owned or controlled by another company? And a quote. Counsel, can I ask a very basic question here, and it may relate to what the Chief was asking earlier. If we agree with you on the, on the LLC issue, is that sufficient for a reversal here, or do you need to win on both that issue and your first issue, which I think was the question. Do the two statutes act independently to provide liability here, or do they work jointly? I don't know if that's a clear question or not. But in other words, do you, do we have to agree with you on both, the LLC issue and the producer-seller issue? No. And the reason you don't, so I hope you do, is that as to the second issue, we're applying that, he's applying that, the LLC issue. The first issue, he did not apply to the 27.133 and 1500.1001, the, the, the wholesale dealer statute. So, our claim, the first issue, if we lose, the second claim is still alive, except for the LLC issue. Does that make sense? Did I answer that? No. Okay. On your 17.9 argument, where the producer title, and I'll grant you that sounds a little bit like a seller, but what that says to me is a seller can be a producer. But I don't see anything that leads to the conclusion that a producer can be a seller. And that's what you need to win, I think, on that issue. Well, here's why I, I know I have to win, is that under 1793 Subdivision 2, if you look at the definitions, if you're looking at Definition 4, Subpart 4, if you look at Definition 1A and 3, both of those, that's agricultural contract and contractor, both of them you see require that the contract is with the producer, and a contractor is only a contractor if he contracts with a producer. And so, because those terms, contract and contractor, my contention is that if seller is different, and I grant you, I mean, Merriam-Webster defines them differently. Subdivision 10, 2701 Subdivision 10 defines them differently. So you can define them differently, but in this statute, it doesn't make any sense. When you go through the three examples I gave, you look at the definitions and you look at 1793 and its companion, they don't make no sense. It's meaningless if you, if you interpret those the way that Judge Hosford did. One other question I think should be simple. There's no dispute that your clients don't actually own the chickens, right? Correct. Correct. Thank you. Sorry, I used up all my time, so I'm done. Thank you. Thank you, Mr. Peery. Ms. Knapp. Thank you. Good morning, Your Honors. May it please the Court. My name is Archana Knapp, and I'm counsel for Pittman Farms. Now, there are two issues that Mr. Peery spoke about today, and I'm prepared to answer any questions that you have about the seller issue, but I'd really like to focus on the issue about whether the parent liability statutes apply to LLCs, because that is the issue that applies to both of the statutes. And as to your question, Judge Kobes, we do need both to win, so the LLC argument would dispose of both of the statutes, because if one of the statutes survives as being applied to Pittman, then Pittman is going to be liable, because they're the same thing. You said we need both to win. Don't you mean they need both to win? Correct. No, actually, it's the other way around. So, even if we're correct on the seller argument, which we believe we are, that doesn't address Statute 27.133, right? So, and if we don't dispose of Statute 27.133, if that is found to apply to Pittman, then Pittman would be liable. So, Pittman, you know, needs to establish that neither statute applies in order to prevail. And if there's enough time, I also want to briefly touch on the Minnesota LLC Act choice of law argument. So, that was something that we argued in our briefing and below, and Judge Chastra didn't reach the issue or our conflict of law or constitutional arguments, but this Court can affirm on those grounds, and it was included in our briefing. So, I just want to point out that what Pittman's really asking the Court to do here is to apply the parent liability statutes by their express language. And context is important. So, we don't deny that these are two remedial statutory schemes to protect farmers and growers, and there are lots of different provisions that do that. There are contract language requirements, disclosure requirements, payment obligations on the agricultural contractor or wholesale produce dealer, depending on which statute you're looking at, and grounds for penalties. But essentially, all of these deal with the contracting parties and really on the contractor, right, the agricultural contractor or the wholesale produce dealer. But then there's this one provision that's completely different. It's the parent liability statutes, right? It's this one statute in the whole scheme of each of them. They don't impose responsibility on the contracting parties. They do something very unique, something really different, where they make a wholly separate entity, the parent, automatically and wholly liable for the contractor's debts and obligations. And that's really different than what the law typically is, right? I mean, typically, a parent is not liable for the obligations of its subsidiary. And this statute really turns that principle on its head. So there's good reason why the legislature would make the parent liability statutes narrower in their application. And they do this by using language that's different than the rest of the statutory scheme. And also, as Judge Tastrude agreed, the legislature has had 30 years since the enactment of these statutes in 1990 to put in different language. And the legislature has not changed the language of the parent liability statutes. So again, there's good reason to believe that the legislature meant to limit the reach of the parent liability statutes by the language that they used. It's critical for the court to keep in mind that under the law, the court can't supply anything the legislature purposely omits or inadvertently overlooks. So we're asking that the parent liability statutes be enforced as written. And that's really what we're looking at. So I want to, again, focus on that LLC Act argument. And Judge Tastrude did conclude that 27.133 doesn't apply. And he said the same analysis would apply to Section 17 as well. And he was correct that a subsidiary has to be a corporation, partnership, or association, and that simply is not a corporation, partnership, or association because it's an LLC. What is there in the nature of an LLC that would exclude it from being a part of a list of business organizations like in this statute? Well, you know, courts have found that LLCs have some aspects of a corporation and some aspects of a partnership. But really the unique nature of the LLC is the fact that it has this flexibility, this fluidity to be either one. You know, I'm not a lawyer, but I will say that, you know, as evidenced by the fact that the legislature didn't add LLC, you know, and the fact that we have this LLC Act that values uniformity, there is something different about LLCs where states have decided that they should be treated in a particular way and they want, above all else, to have this uniformity. Are there other examples that you're aware of of LLCs being treated very differently from other corporate entities or other business organizations? Well, I mean, we cited case law where courts have held that the LLCs are not included in a list of entity names, like corporations or other corporations, that they don't, that the legislature did not intend to include LLCs in that, particularly because there was no change to the law. You know, a lot of laws did add LLCs to their list, but this one didn't. Well, if the overarching purpose of the statute is to protect and benefit producers, why would that not play into the interpretation of whether LLCs are somehow excluded? Yeah, so again, I mean, you know, it's not up to me to determine to them that we're trying to figure out what the legislature would have done. And again, the best we can say is 30 years later, the legislature has not added LLCs to the list where they have in many other statutes, and they've amended these statutes many, many times, the ones at issue here. And then again, like I said, the main issue, the distinction would be the LLC Act, right? There's a uniform LLC Act that 21 states have adopted, and the liability of a member is at the very core of what an LLC is. And so that is a good reason why the legislature may have decided that there's something different about when they're going to put direct, when they're going to try to put liability on a parent solely based on the status of that entity being a parent. And that flies in the face of the LLC Act, essentially. Can I follow up on my earlier question? Yeah. Because looking at 27.133, which is the LLC question, right? Correct. It's actually both, but yes. Okay. That's actually where I'm going. Because it says is liable to a seller. So if you win on the seller question, do we have to reach that second question? So seller is defined... In fact, your statement that you had to win on both. Correct. The seller argument, I believe Judge Smith, you had said this earlier, the seller argument doesn't address Statute 27.133 because 27.133 defines seller in the statute, which is different than 17.93, which only defines producer. So does that definition include producer? The one in 27? Yes. Potentially. So one of the issues is that the definitions of the producer in 17 and seller in 27 are comparable. They're analogous. So they cover the same thing. But that's one of the reasons why we say the word seller in 17 cannot be the same as producer because, one, the producer includes a seller, as I believe one of you said, Your Honors. And then two, one statute decided to use the word producer to cover these two types of farmers. And then the other statute decided to use the word seller. So they talk about them the same way, but they use different terms. Does that make sense? Well, let me ask it this way. Are you conceding that the 27.133 definition of seller includes producer? Well, I'm conceding that the definition of, that in 27.133, seller is a defined term in 27.01. So if you look at Wait a minute. Is a defined term that includes a producer like the plaintiffs or not? I mean, it appears that it would cover the plaintiffs, correct. So that's why 17, the seller issue doesn't complete it. Correct. Well, we don't have to win on both. We don't need to win on the seller argument to win, right? We just need to win on the LLC argument. Because the LLC argument, Judge Taskford said, it applies that 27.133 doesn't apply to LLCs. And then if you look at footnote 7, he also says, the same analysis and conclusions would apply to 17.93. The only reason why he didn't get into it in detail was because he had already made the seller decision in the previous section. So just to be clear, the LLC argument would apply to both parent liability statutes. So if we're correct, it would dispose of both as to Pittman. Okay. So we were talking about why these LLC statutes don't include, excuse me, these parent liability statutes don't include LLCs. So we think this is a straightforward issue because the legislature chose to use the word another and also chose to specifically list three different entities. And it's important to note that they don't do that anywhere else in the statutory scheme. So the word another, along with the word subsidiary, establishes that the subsidiary itself must be a corporation, partnership, or association. You look at the plain and ordinary meaning of that word, including the dictionary definition, and you have to consider context. So again, another typically implies some connection between the original and the other, as Judge Taskford found. Something else of the same kind, right? Because the legislature could have said the subsidiary of a corporation, partnership or association, or the legislature could have just omitted the listing of the three entities. And that was, as to your question, Judge Smith, they didn't have to list out those three entities. And in fact, if you look at 1793 Subdivision 1, they don't. They just say a parent of a licensee subsidiary's license. And so you can see in 1793 itself, there's two subdivisions. So in the first one, they don't say another and they don't list three entities. There's no limitation in that one where it's just about a guarantee and it's not automatic liability for all the debts and obligations, right? They chose to do something different. So it's important to look at those because there's different language used in Subdivision 2 of 1793, which is the same language as in 27.133. I mean, even the word if, at the beginning of the sentence, if you look at the statutory provision, it says if an agricultural contractor is the subsidiary of another corporation, partnership or association, then the parent's liable. So if implies the contractor may be that or it may not be that. So Judge Tastroud was correct in finding that to interpret the word another as a synonym of a just doesn't give the legislature enough credit, right? There's no reason to use the word another unless you're trying to establish some sort of connection between the original and the other, so between the parent and the subsidiary. We cited to a case called Alliance of Artists, 162 F. Sub. 3rd. 8. And I think that's a helpful case just because of grammatically how it uses the word another. And essentially a statute defined a recording as a reproduction made from another digital music recording. And as that court found, they said the only plausible reason Congress would use another is if the recording was also a digital music recording. And I think that's what is happening here. Another would serve no purpose if it just meant A. And so this court should give credit to the legislature's choice of words here. Just quickly on whether association includes the term LLC because there's no dispute that an LLC is not a corporation or a partnership. The growers had brought up only in their opposition to our summary judgment brief below, they brought up that LLCs are included in the term association. And so that's incorrect because first, as Judge Chastro concluded, when the legislature wants a catch-all phrase of different types of business entities, then they use terms like other business organizations or another organization. They don't use the term like association. And again, when the legislature amended statutes to include LLCs, which they did, right? Many statutes have been amended to include LLCs. They kept association separate from LLC separate from a catch-all phrase. So they'll say corporation, partnership, association, LLC, and other business entities, implying that they're two different things. That includes another provision in Chapter 17, 17.117, and the Minnesota LLC Act itself does that. It keeps separate the association, the LLCs, and any other legal or commercial entity. And I just want to note also the Minnesota and Delaware LLC Acts also give the option to LLCs to convert to an association. So you can't convert to an association if you already are an association. So that's just kind of a side point there. Now, the growers are asking the court to ignore the common usage for specialized definitions, but there's really no basis to do that. Here, there is no special definition of association being used up front, and the legislature would have understood that the common usage would have been applied. And under that common usage, association doesn't include LLCs. In fact, the dictionary definition is an entity that's not separate. It's not a separate entity separate from its members. So I didn't have time to get to the Minnesota LLC Act issue, but I would ask the court to consider that as well, and that's the argument that the Minnesota LLC Act trumps the parent liability statutes, and we believe that that's also another ground to affirm. If we're correct on that argument, which we believe we are, or on our conflict of law, or on our extraterritorial doctrine arguments, then Pittman would prevail, and those are grounds to affirm. But I thank you for your time. Thank you, Ms. Nath. Mr. Perry, as you noted, you did exhaust your rebuttal time during your direct, but we asked you several questions. If you've got something you've heard to reply to that you can do so in a minute, we'll give you an opportunity to do so after the mic is prepared for your presence.  Mr. Perry. Please, Mr. Court. Two things. As it relates to the first issue, one of the things that came clear from the opponent's argument is that Seller, as used in Subdivision, or excuse me, 27133, defined Seller to include Producer, which is what Judge Toster agreed with, and essentially conceded that Producer and Seller are what I said they are interchangeable, unlike the normal Merrim-Webster's, which means that the Seller in 2793 means Producer as well as Seller under the statutory definitions. The second thing is, more importantly, her entire argument in LLC ignored the rules, even though I spent my entire argument on the rules, because the rules were contemporaneously enacted, and they are clear that the parent liability statutes apply to a subsidiary under both rules, not a subsidiary corporation, which is under the first definition, but also just a subsidiary without any limitations consistent with the sonars. Huge omission. Thank you. Thank you, Mr. Perry.